IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

AUGUSTA PROFESSIONAL BUILDING, \*
LLC, \*
\*
    Plaintiff, \*
\*
v.                                                \*          CV 111-059
\*
NEOSOM CLINICS, P.A., AND \*
BARRY KIMBERLEY, \*
\*
    Defendants. \*

**ORDER**

    Before the Court in the captioned matter is Plaintiff's motion for default judgment. (Doc. no. 13.) The motion is **GRANTED**.

    This case arises out of Defendants' failure to pay rent on a commercial lease for premises located at 3624 J. Dewey Gray Circle, Suite 301, Augusta, Georgia. Under the parties' written lease agreement, Defendant Neosom Clinics, P.A. ("Neosom") leased the premises from Plaintiff for a term beginning April 1, 2009 and ending March 31, 2014. (Compl. ¶ 7.) Neosom was obligated to pay Plaintiff monthly rent of $3,778.83 during the first year, with the monthly rent to adjust annually thereafter. (Id. ¶ 9.) To facilitate execution of the lease agreement, Defendant Kimberley executed a Guarantee unconditionally guaranteeing full performance by Neosom. (Id. ¶ 8.)

    Neosom paid rent initially, but failed to pay rent for the period May 2010 through January 2011, accruing an outstanding rental balance of $34,443.03. (Id. ¶¶ 10, 16, 22.) Kimberley made no payments on

Neosom's behalf. Owing to Defendants' default, Plaintiff relet the premises to a third party, Augusta Primary Care Services, for the term of January 31, 2011 through March 31, 2014. (Id. ¶¶ 11, 14.) The difference between the rent contracted for with Neosom and the amount contracted for with Augusta Primary Care Services during this period totals $30,379.56. (Id. ¶¶ 15, 23.) In connection with the relet, Plaintiff incurred $9,090.00 in remodeling costs; $669.41 in clean up costs; and $6,305.00 in broker commission costs. (Id. ¶¶ 17, 18, 24.)

Plaintiff filed its complaint with this Court on April 25, 2011, seeking to recover back rent, the rent deficiency, and relet costs for a total of $80,887.00. (Id. ¶ 25; Doc. no. 13-1 ¶ 7.) Plaintiff also claims that, pursuant to the lease agreement, it is entitled to 7.25 percent interest on the total unpaid balance (compl. ¶¶ 19, 28), and reasonable attorney's fees (id. ¶ 20). Defendants did not respond, and an entry of default was entered on July 7, 2011. (Doc. no. 12.) On July 8, 2011, Plaintiff filed its motion for default judgment. (Doc. no. 13.) In support of this motion, Plaintiff filed the affidavit of its attorney, Mr. Davis A. Dunaway, affirming the total unpaid balance. (Doc. no. 13-1.)

"The entry of a default judgment is committed to the discretion of the district court . . . ." Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985) (cited source omitted). In consideration thereof, this Court must investigate the legal sufficiency of the allegations of Plaintiff's complaint. See Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988).

First and foremost, the Court has subject matter jurisdiction over Plaintiff's claims in accordance with 28 U.S.C. § 1332(a). The parties are completely diverse: Plaintiff is a Delaware limited liability company, Defendant Neosom is a Minnesota corporation with its principal place of business in Minnesota, and Defendant Kimberley is a resident of Minnesota. (Compl. ¶¶ 1-4.) Further, the amount in controversy exceeds $75,000.

The Court finds that Plaintiff has stated facts sufficient to entitle it to recover against Defendants for breach of the lease agreement. Upon consideration of the complaint, the motion for default judgment, the supporting affidavit, and applicable law, the Court finds that Plaintiff is entitled to an award of damages as follows:

| | |
|---|---|
| Unpaid Rent, May 2010 to January 2011: | $34,443.03 |
| Rent Deficiency, February 2011 to March 2014: | $30,379.56 |
| Costs Incurred in Reletting the Premises: | $16,064.41 |
| Interest | $ 3,794.21[1] |
| Attorney's Fees | $ 8,493.12[2] |
| TOTAL: | $93,174.33 |

The Clerk is instructed to **ENTER DEFAULT JUDGMENT** against Defendants Neosom Clinics, P.A. and Barry Kimberley and in favor of Plaintiff

---

[1] Interest calculated at 7.25 percent per annum for the period February 2, 2011 through September 26, 2011 (64.7 percent of one year) on the total unpaid balance ($80,887.00).

[2] Attorney's fees calculated pursuant to O.C.G.A. § 13-1-11, i.e. 15 percent of the first $500.00 of the total unpaid balance plus interest ($84,681.21) and 10 percent of the remainder ($84,681.21 - $500.00 = $84,181.21).

3

Augusta Professional Building, LLC in the amount of $93,174.33, and **CLOSE THIS CASE**.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of September, 2011.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA